**SINASON TEICHER INTER AMERI-CAN GRAIN CORP., Plaintiff-Appellant,**

**v.**

**COMMODITY CREDIT CORPORATION, Defendant-Appellee.**

No. 238, Docket 25418.

United States Court of Appeals Second Circuit.

Argued May 7, 1959.

Decided May 20, 1959.

Rehearing Denied June 15, 1959.

Lester Lyons, New York City (Milton S. Teicher and Charles A. Ellis, New York City, on the brief), for plaintiff-appellant.

Arthur V. Savage, Asst. U. S. Atty. for the Southern District of New York, New York City (Arthur H. Christy, U. S. Atty. for the Southern District of New York, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and EDELSTEIN, District Judge.

PER CURIAM.

We affirm the summary judgment granted to defendant, the Commodity Credit Corporation. Its contract for the sale of beans to plaintiff "for export" imposed on the buyer an obligation to export that was of the essence. The contract bristles with provisions, both general and specific, pointing up this purpose so sharply that it can be ignored only on pain of impalement. The fact that there are also provisions in the contract relating to sale "in store" at a higher price, upon the buyer's failure to take delivery or to export, does not convert the contract into one effecting an absolute sale, with the buyer free to exercise an option not to export merely on the payment of a premium. These provisions define certain consequences of the buyer's failure, consequences that could be available only by contract; but there is nothing to suggest, as the plaintiff seems to assume, that these consequences are exclusive or that the defendant has contracted away the usual contract remedy of rescission. By failing to make timely arrangements for the export of 85% of the beans sold to it for export, the plaintiff committed a material breach of contract justifying rescission by the defendant.

On Petition for Rehearing

PER CURIAM.

The petition for rehearing is denied, although it is conceded that the Court's reference to "rescission" is technically inapposite. Nevertheless, we adhere to the position that the contractual provisions defining consequences of the buyer's failure are not exclusive and that the petitioner's default relieved defendant of further obligation to perform.